# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID GIANCOLA,**

 **Petitioner,**

**v.    //    CIVIL ACTION NO. 1:08CV18**
         **(Judge Keeley)**

**WAYNE PHILLIPS,**

 **Respondent.**

## ORDER ADOPTING REPORT AND RECOMMENDATION

On January 7, 2008, pro se petitioner, David Giancola ("Giancola"), filed a petition pursuant to 28 U.S.C. § 2241, asserting that he is unlawfully being denied transfer to a Residential Release Center ("RRC") for the last six months of his term of imprisonment. The Court referred this matter to United States Magistrate Judge John S. Kaull for initial screening and a report and recommendation in accordance with Local Rule of Prisoner Litigation 83.09.

On January 8, 2008, Magistrate Judge Kaull issued an Opinion and Report and Recommendation recommending that Giancola's § 2241 motion be denied, and the case be dismissed without prejudice. The Magistrate Judge found that Giancola's petition was filed prematurely, and thus is not ripe for review. The Magistrate Judge explained that on November 29, 2007, Giancola was sentenced to twenty-one months of incarceration, and was designated to FCI-Morgantown. Upon his arrival, Giancola was informed that he would be transferred to a RRC for the last 10% of his sentence, or one-

and-a-half months, pursuant to 28 C.F.R. § 570.20-21, rather than for six months, pursuant to a former Bureau of Prisons ("BOP") policy. Giancola argues that 28 C.F.R. § 570.20-21 has been found to be unlawful, and that other BOP facilities no longer employ that policy.

The Magistrate Judge acknowledged that several circuit courts have found this regulation to be an improper exercise of rulemaking authority by the BOP. E.g. Wedelstedt v. Wiley, 477 F.3d 1160 (10th Cir. 2007). Giancola's motion, however, is untimely, because he is only anticipating that the BOP will apply 28 C.F.R. § 570.20-21 to limit his placement in an RRC to the last 10% of his sentence. Giancola's incarceration has just begun, and he has not yet even been deemed eligible for RRC placement. The Magistrate Judge found, therefore, that, depending on the circumstances, Giancola's claim will only become ripe when his Unit Team assesses his eligibility for RRC placement and completes an official RRC referral form. Thus, although Giancola may have a legitimate claim if and when the BOP acts on 28 C.F.R. § 570.20-21 to limit his RRC eligibility to the last 10% of his sentence, a ruling on this matter is premature at this time.

The Report and Recommendation also specifically warned that failure to object to the recommendation would result in the waiver

of any appellate rights on this issue.  No objections were filed.[1]

Therefore, the Court **ADOPTS** the Report and Recommendation (dkt. no. 3) in its entirety.  Accordingly, the Court **DENIES** the Motion Under § 2241 and **ORDERS** Giancola's case **DISMISSED WITHOUT PREJUDICE** and stricken from the Court's docket.

The Clerk is directed to mail a copy of this Order to the pro se petitioner, certified mail, return receipt requested and to counsel of record.

Dated: February 12, 2008

                                        /s/ Irene M. Keeley
                                        IRENE M. KEELEY
                                        UNITED STATES DISTRICT JUDGE

---

[1] The failure to object to the Report and Recommendation not only waives the appellate rights in this matter, but also relieves the Court of any obligation to conduct a de novo review of the issue presented.  See Thomas v. Arn, 474 U.S. 140, 148-153 (1985); Wells v. Shriners Hosp., 109 F.3d 198, 199-200 (4th Cir. 1997).